JAMES C. WHITE, Receiver *vs.* OVIDE J. PLASSE *et al.*

MAY 19, 1930

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

RATHBUN, J. This is an action brought by the receiver of a bank on two promissory notes against the maker and an accommodation indorser. The case was defaulted as to defendant Plasse, the maker of the notes, and at the trial a verdict was directed against said indorser, Telesphore Bouvier, for $7,365.16. The case is before us on defendant Bouvier's exceptions: (1) To the direction of a verdict in favor of the plaintiff; (2) to the refusal to direct a verdict for said Bouvier.

The taking of the necessary steps to charge an indorser was waived by language in the body of both instruments, (see Sec. 116, Chap. 227, G. L. 1923) and the only defense urged was lack of consideration for the notes.

Two notes, bearing date of July 17, 1928, for $3,500 each payable to defendant Bouvier were made by defendant Plasse. On the same date the notes were taken by Judge Myette to defendant Bouvier who indorsed both notes. On the same day both notes were delivered to the Citizens National Bank of Woonsocket. At that time the bank was being examined by a national bank examiner. At the close of the examination the bank was found to be insolvent, owing to defalcations made by the assistant cashier, Hormidas Myette, a brother of said Judge Myette; and a receiver was appointed.

Defendant Bouvier contends that the bank paid no consideration for either of the notes but that said cashier used the notes to cover a shortage in one or more accounts, due to his embezzlements. Said defendant further contends that he had no knowledge as to the use which was intended to be made of said notes. He admits that no question for a jury was presented and that it was the duty of the trial justice to direct a verdict for one party or the other.

If the maker, Plasse, received consideration for the notes, that consideration supports the indorsement of defendant Bouvier who indorsed prior to delivery for the sole purpose of lending his credit to the maker. In these circumstances he is liable even although the bank "knew him to be only an accommodation party." G. L. 1923, Chap. 227, Sec. 35. The validity of the signatures being uncontested, the plaintiff established a *prima facie* case by producing the notes. Section 30, Chap. 227, General Laws 1923, provides that: "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value." See also *Hutchins* v. *Reinhalter*, 23 R. I. 518. Said defendant offered no proof of lack of consideration. It appears that on July 18, 1928, the account of defendant Plasse, the maker of the notes, was credited by the bank with $7000. Said Plasse, who is an uncle of said cashier, not only failed to take the witness stand and deny that he received consideration for the notes but permitted the case to be defaulted as to him. The *prima facie* case established by the plaintiff not having been overcome by any valid proof of lack of consideration, the ruling directing a verdict for the plaintiff was correct.

Both of said defendant's exceptions are overruled and the papers in the case are ordered remitted to the Superior Court for further proceedings.

*James I. Shepard, Francis W. Conlan,* for plaintiff.
*Archambault & Lambert,* for defendant.